UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| DAVID ALLEN,<br>        Plaintiff | )<br>)<br>)<br>) | |
| v. | ) | Civil No. |
| | )<br>) | |
| PENTAGROUP FINANCIAL, LLC,<br>        Defendant | )<br>) | |

## COMPLAINT AND JURY CLAIM

### *I. INTRODUCTION*

1.  Plaintiff David Allen seeks damages under the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA") and the Massachusetts Consumer Protection Act, M.G.L. Ch. 93A, as a result of Defendant's unlawful conduct in attempting to collect an alleged consumer debt.

### *II. JURISDICTION AND VENUE*

2.  Plaintiff's claims arise under 15 U.S.C. §1692 *et seq.* and this Court therefore has subject matter jurisdiction over these claims under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.  This Court also has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 to hear and adjudicate Plaintiff's claims arising under state law.

3.  Venue is proper in this district pursuant to 28 U.S.C. §1391(b) in that Defendant transacts business here and the conduct complained of occurred here.

### *III. PARTIES*

4.  Plaintiff David Allen is an individual who at all relevant times has resided in Concord, Middlesex County, Massachusetts.

5.      Defendant Pentagroup Financial, LLC (hereinafter referred to as "Pentagroup") is a limited liability corporation engaged in the business of collecting debts in Massachusetts with its principal place of business located at 5959 Corporate Drive, Suite 1400, Houston, Texas.

6.      Defendant is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

7.      Defendant does not maintain any assets or offices in the Commonwealth of Massachusetts.

## IV.  FACTUAL ALLEGATIONS

8.      On or around December 3, 2009, Defendant mailed a letter to Plaintiff to collect an alleged consumer debt owing to Washington Mutual/Providian Bank for $7,681.53 (hereinafter referred to as "alleged debt").

9.      On or around December 17, 2009, Plaintiff sent Defendant via certified mail, return receipt requested, a letter disputing the alleged debt and requesting verification of the alleged debt under 15 U.S.C. § 1692g.

10.     On or around December 22, 2009, Defendant received Plaintiff's letter, and a signed return receipt was mailed to Plaintiff.

11.     Plaintiff never received a verification of the alleged debt from Defendant.

12.     On or around February 23, 2010, Defendant called Plaintiff's home but did not leave a voicemail message.

13.     On or around February 26, 2010, Defendant called Plaintiff's home and left a voicemail message.  In the message, Defendant's employee provides his name and the phone number for his office, but he fails to provide the name of his office and employer.

Defendant's employee does not mention that the purpose of his message was to collect a purported debt.

14. On or around March 17, 2010, Defendant called Plaintiff's home and left a voicemail message. Defendant's employee does not mention that the purpose of her message was to collect a purported debt.

15. On or around March 31, 2010, Defendant called Plaintiff's home and left an automated voicemail message.

16. On or around April 15, 2010, Defendant called Plaintiff's home and left a voicemail message. Defendant's employee does not mention that the purpose of her message was to collect a purported debt.

17. On or around April 16, 2010, Defendant called Plaintiff's home and left an automated voicemail message

18. On or around April 23, 2010, Defendant called Plaintiff's home and left a voicemail message.

19. On or around April 26, 2010, Defendant called Plaintiff's home and left a voicemail message.

20. On or around May 6, 2010, Defendant called Plaintiff's home and left a voicemail message. In the message, Defendant's employee provides his name and the phone number for his office, but he fails to identify the name of his employer. Defendant's employee does not mention that the purpose of her message was to collect a purported debt.

21. On or around May 26, 2010, Defendant called Plaintiff's home three times and left two separate voicemail messages, the first one automated and the second one left by

Defendant's employee. In the second voicemail message, Defendant's employee provides his name and office phone number, but does not provide the name of his office and employer. Defendant's employee does not mention that the purpose of his message was to collect a purported debt.

22. As a result of Defendant's actions set forth above, Plaintiff suffered damage to his credit, emotional distress, and mental anguish.

## COUNT I

23. The allegations of paragraphs 1 – 22 are incorporated herein as if fully set forth.

24. Defendant violated 15 U.S.C. § 1692g(b) by continuing its debt collection efforts in calling Plaintiff on ten different occasions without providing verification of the alleged debt to him after he disputed the debt in writing within thirty days of receiving notice of the 15 U.S.C. § 1692g debt validation rights.

WHEREFORE, Plaintiff prays for judgment awarding actual and statutory damages, costs, and reasonable attorney's fees.

## COUNT II

25. The allegations of paragraphs 1 – 24 are incorporated herein as if fully set forth.

26. Defendant violated 15 U.S.C. § 1692d(6) by calling Plaintiff and leaving numerous voicemail messages without meaningfully disclosing Defendant's identity.

WHEREFORE, Plaintiff prays for judgment awarding actual and statutory damages, costs, and reasonable attorney's fees.

## COUNT III

27. The allegations of paragraphs 1 – 26 are incorporated herein as if fully set forth.

28. Defendant violated 15 U.S.C. § 1692d(5) by calling Plaintiff three times on May 26, 2010.

WHEREFORE, Plaintiff prays for judgment awarding actual and statutory damages, costs, and reasonable attorney's fees.

## COUNT IV

29. The allegations of paragraphs 1 – 28 are incorporated herein as if fully set forth.

30. Defendant violated 15 U.S.C. § 1692e(11) by leaving numerous voicemail messages for Plaintiff without disclosing that it was a debt collector or that the purpose of its messages was to collect a purported debt.

WHEREFORE, Plaintiff prays for judgment awarding actual and statutory damages, costs, and reasonable attorney's fees.

## COUNT V

31. The allegations of paragraphs 1 – 30 are incorporated herein as if fully set forth.

32. Defendant's aforementioned misconduct was unfair and deceptive in violation of G.L. c. 93A, section 2.  G.L. c. 93A was also violated as a result of defendant's violations of the FDCPA set forth above, and corresponding regulations promulgated by the Commissioner of Banks.  In addition, defendant's conduct violated M.G.L. Ch. 93, §49, which constituted per se violations of M.G.L. Ch. 93A.

33. Defendant's misconduct was knowing or willful in nature.

WHEREFORE, Plaintiff prays for judgment awarding actual damages or $25.00, whichever is greater; doubling or trebling any actual damages awarded; and costs and reasonable attorney's fees.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a jury trial in this action.

> DAVID ALLEN,
> By his attorneys:
>
> */s/Kenneth D. Quat*
> BBO #408640
> QUAT LAW OFFICES
> 678 Massachusetts Avenue, Suite 702
> Cambridge MA 02139
> (617) 492-0522
> ken@quatlaw.com
>
>
> */s/Jose I. Vazquez*
> BBO #676866
> 12 Larkin Rd.
> Medford MA 02155
> 508-864-3539
> jvazqu01@gmail.com